IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: AMERICAN MEDICAL SYSTEMS, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                               MDL 2325

THIS DOCUMENT RELATES TO:

*Gandara, et al. v. American Medical Systems, Inc.*    Civil Action No. 2:13-cv-17532

ORDER

Before the court are two motions: (1) the Amended Motion to Withdraw, filed by plaintiffs' counsel on November 13, 2017 [ECF No. 14]; and (2) the Motion to Dismiss, filed by defendant American Medical Systems, Inc. ("AMS") on January 17, 2018 [ECF No. 17]. Both motions are unopposed and the matters are ripe for adjudication. For purposes of clarity, I will discuss each motion in turn.

I. Discussion

A. Amended Motion to Withdraw

In the Amended Motion to Withdraw, Waters & Kraus, LLP and The Jordan Law Group seek leave to withdraw as counsel for plaintiffs Jeanne Gandara and Salvador Cortez under Local Rule 83.4. As justification for the withdrawal, counsel state that the plaintiffs have not responded to multiple communications.

In response to the Motion, on November 17, 2017, the court entered an order ("Order") staying this action until December 17, 2017. [ECF No. 15]. The court also directed counsel to send a copy of the Order and their motion to the plaintiffs via

email and regular mail to their last known address, and ordered the plaintiffs to file a statement of intent to proceed without counsel or to have new counsel enter an appearance by December 17, 2017. Should the plaintiffs fail to comply with this directive, the court warned, AMS could move for appropriate relief, including the dismissal of this case with prejudice.

By December 17, 2017, Waters & Kraus, LLP and The Jordan Law Group filed the necessary documents in compliance with the Order. [ECF No. 16]. The plaintiffs, on the other hand, failed to file any response. For the reasons stated in the motion, in the absence of any opposition, and in light of counsels' compliance with this court's Order, the Amended Motion to Withdraw is **GRANTED**.

### B. Motion to Dismiss

On January 17, 2018, AMS moved to dismiss this case with prejudice. In its motion to dismiss, AMS notes that the plaintiffs have neither retained new counsel nor filed a notice of intent to proceed without counsel, in violation of the November 17, 2017 Order.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move for dismissal of a civil action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). In this case, the plaintiffs failed to respond to a specific directive of the court – either retain new counsel or file a notice of intent to proceed without counsel by December 17, 2017. The conduct of the plaintiffs is concerning particularly given the circumstances prompting counsels' request to withdraw – that they lost all communication with the plaintiffs.

The court is aware that this individual case is among several thousands of civil actions grouped in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation. As an added measure of precaution, the court stayed this case, secured a greater means of actual notice by directing withdrawing counsel to certify delivery of the motion to withdraw and a copy the court's Order to the plaintiffs last known mailing *and* email addresses, and provided thirty days in which the plaintiffs could respond. To date, despite the warning of sanctions, the plaintiffs have still not complied with this court's Order or requested an enlargement of time to respond.

I recognize that dismissal is "not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Generally, courts must consider certain criteria addressing the propriety of dismissal as a sanction given the particular circumstances of the case:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Id.* "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at * 1 (4th Cir. July 22, 1997) (citing *Ballard*, 882 F.2d at 95-96) (finding dismissal with prejudice proper where a litigant ignored an express warning from a magistrate, who advised that a failure to act by a certain date would result in a recommendation for dismissal with prejudice).

3

Here, the court's November 17, 2017 Order expressly warned that if the plaintiffs fail to comply with the court's directive by December 17, 2017, "the defendant may move the court for appropriate relief, including dismissal with prejudice." [ECF No. 15]. The warning itself was reasonable as the case has been pending for several years and the plaintiffs have given no clarification that they intend to prosecute their cause of action. Although "[p]ro se litigants are entitled to some deference from courts, . . . they as well as other litigants are subject to the [same] time requirements and respect for court orders [expected of counsel] without which effective judicial administration would be impossible." *Ballard*, 882 F.2d at 96 (internal citations omitted). Any further delay would be undue, and the court has little alternative to dismissal.

As a result, the Motion to Dismiss is **GRANTED** and the case is **DISMISSED with prejudice**.

II. Conclusion

For the reasons stated above, the court hereby **ORDERS** that the Amended Motion to Withdraw [ECF No. 14] and the Motion to Dismiss [ECF No. 17] are both **GRANTED**.

The Clerk is **DIRECTED** to terminate Waters & Kraus, LLP and The Jordan Law Group as counsel for the plaintiffs and to amend the docket in this case to reflect that the stay previously entered on November 17, 2017 was lifted on December 17, 2017. The Clerk is further **DIRECTED** to lift the seal on the filed documents associated with ECF No. 16, and amend the docket to reflect the plaintiffs' address as P.O. Box 326, San Pedro, California 90733.

The court further **ORDERS** that this case is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket. Any motions pending in this case at the time of this dismissal are **DENIED AS MOOT**.

The Clerk is further **DIRECTED** send a copy of this order to counsel of record, and to send a copy of this order to plaintiffs, via certified mail, return receipt requested to P.O. Box 326, San Pedro, California 90733, plaintiffs' last known address.

ENTER: February 13, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE